IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Deans, ) | C/A No. 3:05-2276-MBS |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND** |
| vs. ) | **ORDER** |
| James M. Cox, Jr., Incorporated; and Chief ) | |
| Executive Officer, James N. Cox, Jr. ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff William Deans, appearing pro se, is civilly detained under the South Carolina Sexually Violent Predator Act, codified at S.C. Code Annotated § 44-48-10 et seq. Plaintiff alleges that his former attorney, Defendant James M. Cox, Jr., was negligent and committed professional malpractice during his legal representation of Plaintiff. Plaintiff seeks to bring this action pursuant to 28 U.S.C. § 1983. To the extent that this case is not actionable under 28 U.S.C. § 1983, Plaintiff seeks to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332(a).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation ("Report and Recommendation"). The Magistrate Judge reviewed the pro se complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge filed a Report and Recommendation on August 15, 2005, and recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation ("Plaintiff's Objections") on August 25, 2005.

The Magistrate Judge makes only a recommendation to the court. The recommendation has

1

no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Report and Recommendation to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In order to determine whether Plaintiff was attempting to challenge his underlying civil commitment pursuant to 28 U.S.C. § 2254,[1] the court directed the clerk's office to provide appropriate forms for civil actions under 28 U.S.C. § 2254 on October 12, 2005. On October 17, 2005, Plaintiff filed a document titled "Plaintiffs [sic] FRCP, R 60 Notice of Courts [sic] Clerical Mistake or Request for Clarification of Court Order." In his request, Plaintiff stated that he "has not filed any motions in State court to vacate the underlining [sic] SC Code Ann. § 44-48-10/170 commitment." He also noted that his complaint does not "state or request a prayer for relief granting release from confinement." In short, Plaintiff wants to continues his federal action either as a "diversity law suite [sic] against a corporation" or a "suite [sic] into [sic] a 42 USC 1983 cause of action." Based upon these statements, the court concurs in the Magistrate Judge's recommendation that the captioned case be dismissed without prejudice.

---

[1] It is well-settled that a person who is civilly committed by a state may bring a habeas action under 28 U.S.C. § 2254. See Miller v. Blalock, 356 F.2d 273 (4th Cir. 1966); see also, Malone v. Overholzer (D.D.C. 1950).

DISCUSSION

Plaintiff contends that the Magistrate Judge erred in concluding that he is unable to bring an action against his former attorney under 18 U.S.C. § 1983. An action under 18 U.S.C. § 1983 cannot be brought against an attorney because he does not act under color of state law in his representative capacity. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). The Magistrate Judge's conclusion that Plaintiff cannot bring an action against his former attorney under the above-enumerated federal statute is correct. Plaintiff's objection is without merit.

Plaintiff next contends he is able to maintain an action in federal court against Defendant under 28 U.S.C. § 1332(a) because Defendant is "controlled, answerable to an out of state entity being, either or both the 'National Lawyer's Guild,' or 'American Bar Association.'" A civil action for negligence and legal malpractice would be cognizable in this court under diversity jurisdiction if the statutory requirements are met. See 28 U.S.C. § 1332. In cases where a Plaintiff and Defendant are citizens of the same state, the court cannot assert diversity jurisdiction. From the complaint, it appears that Plaintiff and Defendant are both citizens of the state of South Carolina. Any affiliations that Defendant might have with out-of-state professional organizations are irrelevant because the joinder of any other alleged Defendants would not cure the jurisdictional defect. Plaintiff's objection is without merit.

The court adopts the Report and Recommendation and incorporates it herein by reference. For the foregoing reasons, the captioned case is hereby **dismissed** without prejudice and without

issuance and service of process.

    **IT IS SO ORDERED.**

/s/ Margaret B. Seymour  
United States District Judge

December 16, 2005  
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**  
**Plaintiff is hereby notified that he has the right to appeal this order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**